**EAT'N PARK HOSPITALITY GROUP, INC., Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 3, 2008.

Decided Dec. 19, 2008.

Ordered Published March 3, 2009.

Margaret M. Hock, Pittsburgh, for petitioner.

Randall S. Brandes, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

Eat'N Park (Employer) petitions for review of the order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the Referee to grant benefits to David B. Meyer (Claimant).

Claimant filed for unemployment benefits which the Philadelphia UC Service Center granted. Employer appealed and requested permission to have its witness, Tony White (White), Director of Employee Relations, testify by telephone. A Notice of Hearing was issued indicating that White could, in fact, testify by telephone. The Notice confirmed that the Hearing would take place on January 30, 2008, at 10:30 a.m. and that White would be contacted at "412–461–2000 ext. 1274." Revised Notice of Hearing, January 1, 2008, at 1; Reproduced Record (R.R.) at 9a. The Notice further stated:

To EACH PARTY SCHEDULED to participate BY TELEPHONE—

- You must contact the Referee Office listed above BEFORE THE HEARING if your telephone number listed on this notice is INCORRECT or if no telephone number appears on this notice.

- ON THE HEARING DATE please be by the telephone and keep the line

free at least fifteen (15) minutes before the scheduled time.

Revised Notice of Hearing, January 1, 2008, at 1; R.R. at 9a.

On the date of the hearing, the Referee attempted to contact White by calling the telephone number on the Notice. The transcript of the hearing begins as follows:

**Voice Mail**: Thank you for calling Eat'n Park Hospitality Group, the proud parent company of successful Eat'n Park Restaurants, Park Classic Diners, Six Pack Kitchen, Parkhurst Dining Services, and Cura Hospitality. If you know your party's extension, you may dial it now. At any time, dial zero for further or emergency assistance. For donation requests—please hold while your party is being transferred to Tony White. I'm sorry Tony White is not available. To leave a message, press one. To return to the menu, press two. I am currently unable to respond to your call. Please leave your name, your number, and the best time to reach you in the next 24 hours, and I will respond to your call as soon as possible. If you need immediate assistance, please press zero and ask to speak to Jennifer Janowsky [ph]. After the tone, please record your message. When finished, you may hang up to deliver the message or press pound for more options.

**Referee:** Good Morning. This is Referee Carol Ulichney calling in order to conduct the Unemployment Compensation Appeal Hearing that we had scheduled to begin today, January 30, 2008, at 10:20 a.m. I have David Meyer present with me in my office and I will attempt to contact Mr. White one additional time in order to proceed with the hearing. If I am unable to reach him, I will conduct the hearing without the employer participating. My name is Referee Carol Ulichney and I am with the Unemployment Compensation Referee Office located in Malvern, Pennsylvania, and I'm referring to the revised Notice of Hearing that was sent to the employer on January 18, 2008, that set forth the details regarding the hearing. Thank You.

**Voice Mail:** Thank you for calling Eat'n Park Hospitality Group, the proud parent company of successful Eat'n Park Restaurants, Park Classic Diners, Six Pack Kitchen, Parkhurst Dining Services, and Cura Hospitality. If you know your party's extension, you may dial it now. Please hold while your party is being transferred to Tony White. I'm sorry Tony White is not available. To leave a message, press one. To return to the menu—I am currently unable to respond to your call. Please leave your name, your number, and the best time to reach you in the next 24 hours, and I will respond to your call as soon as possible. If you need immediate assistance, please press zero and ask to speak to Jennifer Janosky. After the tone, please record your message. When finished, you may hang up to deliver the message or press pound for more options.

**Referee:** This is Referee Carol Ulichney calling again in order to conduct an Unemployment Compensation Hearing that was scheduled to begin today, January 30, 2008, at 10:30. It is now 10:34. This is my second attempt to contact the employer for them to participate by phone. I am now going to proceed with the hearing with Mr. Meyer.

Notes of Testimony, January 30, 2008, at 1–2; R.R. at 11a–12a.

Employer did not participate in the January 30, 2008, hearing, and based on Claimant's unopposed testimony, the Referee affirmed the decision of the Service Center.

Employer filed a Petition for Appeal to the Board of Review. The Board remanded the case to the Referee to receive testimony and evidence as to whether Employer's witness, Tony White, had good cause for not appearing at the January 20, 2008, hearing.

Before the remand hearing, Employer faxed the Referee new directions on how to contact White by phone:

> Since our unemployment hearing will be held by phone at 9:30 a.m. on Wednesday, April 9, 2008, please call 412–461–2000 and then dial 0 to speak to the receptionist. Please have the receptionist page Tony White, Director of Employee Relations.

Fax to Referee, April 1, 2008, at 1; R.R. at 27a.

On April 9, 2008, the Referee conducted the remand hearing. The Referee was able to contact White by dialing 412–461–2000 and asking the receptionist to page him.

White testified by phone. Prior to the January 30, 2008, hearing, White believed if someone called 412–461–2000 and dialed his extension, # 1274, the call would go directly to the receptionist, not into his voice mail. He explained that his "extension number" was different than his direct dial number, which bypasses the front desk altogether. Notes of Testimony, April 9, 2008, (N.T. 4/9/08) at 6–7; R.R. at 34a–35a. White admitted that this was why the Referee's calls did not go to the receptionist on January 30, 2008, and that it was "totally our [Employer's] fault and that's a mistake and it shouldn't have happened ..." N.T., 4/9/08, at 6; R.R. at 34a.

The Board found that the Employer failed to advise the Referee of any changes to the phone number or how to contact Employer's witness once in the voice mail system. The Board concluded that Employer did not have good cause for nonappearance at the Referee's January 30, 2008, hearing; therefore, the Board did not consider White's testimony.

■ On appeal [1], Employer asserts that it was effectively denied an opportunity to be heard during the January 30, 2008, hearing. Employer contends that had the Referee followed the instructions on the voice mail message and pressed "0", she would have been transferred to the receptionist who would have then forwarded the call to White who was waiting in the conference room. It is Employer's position that, by failing to press "0", the Referee actually *prevented* Employer's witness from appearing at the hearing. This Court must disagree.

■ First, contrary to Employer's position, the Referee did follow the instructions supplied by Employer prior to the hearing. She dialed 412–461–2000 and then White's extension which was 1274. Employer did not instruct the Referee to press "0." The Referee did as she was told and was transferred to White's voice mail. This court will not permit Employer to shift fault to the Referee for not experimenting with the voice mail system to determine what would happen if she pressed "0" rather than follow the instructions given by Employer.

Second, this Court has repeatedly held that a party's own negligence is not sufficient "good cause" as a matter of law for failing to appear at a Referee's hearing.

---

1. This Court's scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law committed, or any constitutional rights violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Saxton v. Unemployment Compensation Board of Review*, 71 Pa.Cmwlth. 636, 455 A.2d 765 (1983)

*Kelly v. Unemployment Compensation Board of Review,* 747 A.2d 436 (Pa. Cmwlth.2000); *Savage v. Unemployment Compensation Board of Review,* 89 Pa. Cmwlth. 61, 491 A.2d 947 (1985).

Here, White *admitted* at the remand hearing that it was Employer's "fault" that the Referee failed to reach White and that there was a miscommunication. Although it is clear from the record that White was forthright and candid about the mishap, his testimony amounted to an admission that Employer's telephone directions were inaccurate.

The order of the Board is affirmed.

### ORDER

AND NOW, this 19th day of December, 2008, the Order of the Unemployment Compensation Board of Review is hereby affirmed.