IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chandra B. Chiado,                     :
                    Petitioner         :
                                       :
        v.                             : No. 1786 C.D. 2016
                                       : Submitted: April 21, 2017
Unemployment Compensation              :
Board of Review,                       :
                    Respondent         :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: May 24, 2017


        Chandra B. Chiado (Claimant) petitions this Court for review of the Unemployment Compensation Board of Review's (Board) decision affirming the Referee's determination that Claimant did not provide a "proper cause" for her nonappearance at the initial hearing on the merits to determine her eligibility for benefits. For the following reasons, we affirm.


                                    **I.**

        Claimant was employed as a Supervisor at Addiction Specialists (Employer). After she fractured her hip on March 13, 2016, Claimant left her employment because her treating physicians advised her not to return to work. She

also claimed an additional reason she left work was anxiety brought on by a Federal Bureau of Investigation (FBI) investigation into Medicare fraud and unlawfully dispensing Suboxone, a drug used to treat addicts of heroin and other opiates.

Claimant applied for unemployment compensation (UC) benefits but her application was denied by the Service Center. In its determination, the Service Center found that:

> In situations where the Claimant voluntarily quits due to health problems, the burden is on the Claimant to show that she informed Employer of health limitations. It is then the Employer's responsibility to provide suitable work within the Claimant's work limitations. In this case, the Claimant's restrictions were so great that she was unable to accept any type of work. As such there was no work that Employer could offer the Claimant. The Claimant has sustained her burden of proof and benefits must be allowed under Section 402(b).
>
> However, the Claimant must be able and available for suitable work in order to qualify for UC benefits. In this case, the Claimant's restrictions are so great that she was unable to accept any type of work. As such benefits must be denied under Section 401(d) of the Law.[1]
>
> Situations where a Claimant is ruled both eligible and ineligible for benefits under different Sections of the Law, the disqualifying Section takes precedence over the eligible Section. As such Claimant is ineligible for benefits.[2]

---

[1] Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

[2] (Record (R.) Item No. 4, Notice of Determination, dated 5/17/2016 (Ineligible)).

2

Claimant appealed and on June 2, 2016, she received a Notice of Hearing informing her that a hearing had been scheduled for June 13, 2016, with a Referee. The Notice read in part:

> If you cannot attend the hearing for any reason, you may request a continuance (postponement) of the hearing. You should do this as soon as possible. The Referee will grant this only for "proper cause" and upon terms that he/she deems proper. If a continuance is granted, a rescheduling will follow. **Requests for a continuance must be made in writing**.[3]

On June 6, 2012, Claimant was admitted to a hospital to receive alcohol detoxification treatments. Because she believed that she could not attend the hearing on the date scheduled, on June 10, 2016, Claimant had a note faxed to the Referee which read:

> Request for continuance of hearing for Monday June 13, 2016 due to medical reasons. Currently in hospital. Thank you.[4]

Claimant made no attempt to contact the Referee to confirm that her continuance had been granted or to request another continuance.

---

[3] (R. Item No. 7, Notice of Hearing, Including Returned Employer Copy and Report of Telephone Calls on Hearings Regarding Employer Address) (emphasis added).

[4] *Id.*

On June 13, 2016, at 10:36 a.m., the Referee attempted to contact Claimant by phone to inform her that someone from the hospital would have to verify her hospitalization. Unfortunately, because Claimant's mother did not recognize the Referee's telephone number when he called, she did not answer the phone and the call went to voicemail. Again, unfortunately, Claimant's mother did not forward the message to Claimant.

Because neither the Employer nor Claimant appeared at the scheduled time, pursuant to 34 Pa. Code § 101.51,[5] the Referee conducted the hearing without them. The Referee found Claimant ineligible for benefits but did so for a different reason than the Service Center. Unlike the Service Center, the Referee found that Claimant was able to work, making her eligible for benefits under Section 401(d)(1) of the Pennsylvania Unemployment Compensation Law (Law).[6] However, again, contrary to the Service Center's finding, the Referee went on to find that Claimant did not have a necessitous and compelling reason to leave work, making her ineligible for benefits under Section 402(b) of the Law.[7]

---

[5] 34 Pa. Code. § 101.51 provides:

> If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence. In the absence of all parties, the decision may be based upon the pertinent available records. The tribunal may take such other action as may be deemed appropriate.

[6] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1). Section 401(d)(1) provides that compensation shall be payable to any employee who is or becomes employed and who "[i]s able to work and available for suitable work."

[7] Section 402(b) of the Law provides, in part, that an employee shall be ineligible for compensation for any week:
**(Footnote continued on next page…)**

4

Claimant then appealed to the Board, contending that her broken hip and the stress from the FBI investigation constituted a necessitous and compelling reason to leave work. The Board remanded the matter to the Referee to act as a hearing officer for the Board with instructions to limit the evidence to whether Claimant had proper cause not to appear.

At the remand hearing, Claimant testified that she did not appear at the June 13, 2016 hearing because she had been released from the hospital on June 12, 2016. She admitted that she did not confirm that her continuance had been granted and did not appear because she assumed that it would be granted. With regard to her June 10, 2016 request, the Referee explained that it was not granted because the fax:

> That was received by the Referee's Office and there [were] telephone calls made because we couldn't figure out what was going on. . . . And so, because there was— all there was, was the statement in regard to being in the hospital, but we didn't know when, or where, or whatever.[8]

---

**(continued…)**

> In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in "employment" as defined in this act….

43 P.S. § 802(b).

[8] (R. Item No. 14, Board Hearing—Remand: Transcript of Testimony, dated 9/14/2016, pp. 3-4).

5

The Board held that Claimant did not show proper cause for her nonappearance because:

> The claimant testified that she was in the hospital until June 12, 2016, the day before the hearing. The claimant has not shown proper cause why she did not attend the hearing because she was out of the hospital on the day of the hearing and could have either attended the hearing or called the Referee to confirm her continuance had been granted or again request a continuance.[9]

Claimant then filed a petition for review to this Court[10] claiming that the Board erred in finding that she lacked "proper cause" for her nonappearance at the June 13, 2016 hearing.[11]

---

[9] (R. Item No. 15, Board's Order w/Returned Employer Copy, dated 9/30/2016 (Ineligible)).

[10] In unemployment compensation appeals, this Court's review is limited to determining whether the Board's adjudication was in violation of constitutional rights, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841 (Pa. Cmwlth. 1987).

[11] Claimant contends that the Board capriciously disregarded her evidence in arriving at its decision. "A capricious disregard of evidence occurs where the fact finder willfully and deliberately disregards competent and relevant evidence that one of ordinary intelligence could not possibly have avoided in reaching a result." *Wise v. Unemployment Compensation Board of Review*, 111 A.3d 1256, 1262 (Pa. Cmwlth. 2015). However, "[t]he express consideration and rejection of this evidence, by its definition, is not capricious disregard." *Taliaferro v. Darby Township Zoning Hearing Board*, 873 A.2d 807, 816 (Pa. Cmwlth. 2005). Claimant's contention is not that the Board capriciously disregarded evidence, but erred in finding that her evidence did not establish proper cause for her nonappearance. We note, though, that the Board specifically referenced Claimant's testimony in its decision.

## II.

If a party does not appear at an unemployment compensation hearing at the date, hour and place of the hearing "without proper cause, the hearing may be held in his absence." 34 Pa. Code § 101.51. When a party contends that he or she has a "proper cause" for his or her nonappearance, the Board must make an independent determination that the reasons proffered constitute proper cause. *McNeill v. Unemployment Compensation Board of Review*, 511 A.2d 167, 169 (Pa. 1986). A party's own negligence is not sufficient to establish proper cause for failing to appear at a Referee's hearing. *Eat'N Park Hospitality Group, Inc. v. Unemployment Compensation Board of Review*, 970 A.2d 492, 494 (Pa. Cmwlth. 2008) (holding that referee's inability to contact employer on day of hearing due to failure of employer to inform referee of a change in telephone number is not proper cause for nonappearance). *See also Bennett v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1644 C.D. 2015, filed September 26, 2016) 2016 WL 5349360 (holding that failure to appear because claimant got lost on the way to the hearing without further explanation is not "proper cause").

At the remand hearing, Claimant testified that she was admitted to the hospital on June 6, 2016, and presented testimony that she was released from her six-day hospital stay on June 12, 2016. She did not provide any medical reason that she could not attend the June 13, 2016 hearing. We agree with the Board that Claimant's explanation that her release from the hospital the day before the hearing, without more, did not establish proper cause for her nonappearance at the hearing the next day.

7

Claimant also contends that she had proper cause for her nonappearance because she assumed her June 10, 2016 request for continuance had been granted. Because her June 10, 2016 request for continuance was not specific as to where she was hospitalized and the length of her stay, the Referee attempted to contact Claimant to obtain more details to decide whether to grant the continuance. He was unable to do so because Claimant's mother did not answer the phone or forward that voicemail message to her which explained that Claimant needed to have her hospitalization verified. Once a party has filed for a continuance, it has a continuing obligation to attend the hearing until it is granted and cannot assume that a continuance will be granted. Such an assumption is not proper cause not to attend the hearing as scheduled.

Accordingly, for the foregoing reasons, the Board's order is affirmed.


_____
DAN PELLEGRINI, Senior Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chandra B. Chiado,                          :
                Petitioner          :
                                    :
        v.                       : No. 1786 C.D. 2016
                                      :
Unemployment Compensation           :
Board of Review,                            :
                Respondent          :

# **O R D E R**

AND NOW, this 24th day of May, 2017, the order of the Unemployment Compensation Board of Review dated September 30, 2016, in the above-captioned matter is affirmed.

_____
DAN PELLEGRINI, Senior Judge