IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William C. Plouffe, Jr.,                          :
                              Petitioner          :
                                                  :
              v.                                  :   No. 1001 C.D. 2016
                                                  :   Submitted:  June 30, 2017
Department of Human Services,                     :
                              Respondent          :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: August 21, 2017

William C. Plouffe, Jr., (Client) *pro se*, petitions for review of an adjudication of the Bureau of Hearings and Appeals, Department of Human Services (Department), dismissing his appeal because he did not appear at the scheduled hearing.  Client argues that he established good cause for being nine minutes late for the hearing and is entitled to a hearing on the merits of his case.  We vacate and remand.

Client is a Medical Assistance recipient.[1]  His brief explains that he does not own a vehicle.  Accordingly, the Department provides him transportation to medical appointments through the Berks Area Regional Transit Authority (BARTA).  Beginning in 2012, Client informed the Department that BARTA

---

[1] Pursuant to the Title 55, Section 1245.51, "[p]ayment for transportation other than by ambulance is made through the MA [Medical Assistance] Transportation Program…."  55 Pa. Code §1245.51.  A medical assistance recipient who does not have a means of transportation for medical care is eligible for services "through counties and prime contractors funded by the Public Assistance Transportation Block Grant."  55 Pa. Code §175.23(b)(2)(ii).

changed his mode of transportation from a van to a bus that was causing him problems. His medical disabilities include polyneuropathy, degenerative hips and spine, spinal stenosis, and a neck fusion. The bumpy bus ride aggravated his medical conditions.

In 2013, Client's doctor wrote a prescription limiting Client's bus ride to a maximum of one hour. Client advised BARTA of this prescription, but it nevertheless assigned him bus transportation from Reading to Lancaster and back that lasted more than six hours. When Client developed excruciating pain, he pleaded with the driver to take him to a hospital. The driver refused, but several passengers telephoned the police. The police stopped the bus and Client was taken to a hospital by ambulance.

In 2015, BARTA informed the Department that it would no longer transport Client to medical appointments because it could not accommodate his medical restrictions. Since that time, Client has had to rely on friends and his church to organize transportation to medical appointments. As a result, he has missed numerous medical appointments. Although the Department orally agreed to reimburse Client for travel expenses, this agreement has not been reduced to writing. In the meantime, the Department has denied some of his claims for reimbursement. As a result, Client requested a hearing.

The Department scheduled a hearing for May 24, 2016, at 1:00 p.m. before an administrative law judge (ALJ). Client did not appear, and his appeal was dismissed by the ALJ on May 25th. Client filed an application for reconsideration, in which he stated that he arrived nine minutes late after falling on the street on his way to the hearing and dropping all of his paperwork. He reported

what happened to the ALJ's secretary, and she relayed his explanation to the ALJ. However, the ALJ refused to speak with Client or hold the hearing.

Client's application for reconsideration is dated May 27, 2016. The application contains two date-stamps: June 14, 2016, by the Berks County Assistance Office and June 20, 2016, by the Department's Bureau of Hearings. On June 29, 2016, the Secretary denied reconsideration by operation of law because the thirty-day deadline for action had expired on June 24th. Notably, reconsideration was not denied as untimely or on the merits, but because the Secretary chose not to consider the application within the time period set forth in 1 Pa. Code §35.241(d) (setting forth the 30-day time period in which the Secretary may consider an application for rehearing or reconsideration).

Client petitioned for this Court's review.[2] He argues that the Department denied his right to be heard and that it should be required to hold a hearing on his need for transportation and his requested reimbursement for arranging alternative transportation.

Thereafter, the Department filed two applications requesting remand. In the first, the Department offered to give Client a full hearing on the merits and asked this Court to remand the matter to the Bureau of Hearings. Client opposed the request for remand, asserting his right to a precedential opinion upon which the public can rely. On November 28, 2016, the Court denied the first application based on Client's opposition.

---

[2] Our review is to determine whether an error of law was committed, whether constitutional rights were violated, or whether the findings of fact are supported by substantial evidence. *Our Lady of Victory Catholic Church v. Department of Human Services*, 153 A.3d 1124, 1127 n.3 (Pa. Cmwlth. 2016).

3

On May 31, 2017, the Department filed a second application for remand. The application stated that the parties had discussed a settlement and taken steps to address Client's transportation issues. However, the parties reached an impasse on the final terms of the proposed settlement agreement. The Department requested a remand for a hearing on the merits in order to address the unresolved issues. Client also opposed the second request for remand, complaining that the Department has again refused to reduce its agreement to writing. On June 14, 2017, this Court denied the Department's second request for remand based on Client's opposition.

On appeal, Client requests this Court to order the Department "to hold a hearing on [his] issues" because he has a right to a hearing and had good cause for being late for the hearing. Client Brief at 15. The Department does not dispute Client's right to a hearing. Indeed, a claimant has a "right to appeal and have a fair hearing" when "applying for or receiving a money payment, medical assistance, food stamps or services [from the Department]." 55 Pa. Code §275.1(a)(2). An applicant has "the right to appeal from a Department action or failure to act and to have a hearing if he is dissatisfied with a decision refusing or discontinuing assistance in whole or in part." *Id.*

The Department's regulation establishes that a case will be dismissed if the Client "fails to appear at the scheduled hearing without good cause…." 55 Pa. Code §275.4(e)(6)(iii)(A). Good cause may be established by evidence of a non-negligent reason for failing to attend. *Eat'N Park Hospitality Group, Inc. v. Unemployment Compensation Board of Review*, 970 A.2d 492, 494 (Pa. Cmwlth. 2008). Client's assertion that he was nine minutes late for the hearing because of a fall is sufficient, if deemed credible, to establish good cause.

4

Normally, we would remand for a determination on the credibility of Client's factual assertions. However, in this case, the Department concedes that Client had good cause for his delay and that a remand is appropriate. Accordingly, we will remand for a hearing on the merits.

Accordingly, the Department's adjudication is vacated and this matter is remanded for a hearing on the merits of Client's appeal.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William C. Plouffe, Jr.,      :
           Petitioner      :
        :
        v.            : No. 1001 C.D. 2016
        :
Department of Human Services,      :
           Respondent      :

## **O R D E R**

AND NOW, this 21st day of August, 2017, the order of the Chief Administrative Law Judge for the Department of Human Services, Bureau of Hearings and Appeals, dated May 25, 2016, is hereby VACATED and this matter is REMANDED in accordance with the attached opinion.

     Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge