IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Felecia J. Lockmer,            :
           Petitioner            :
           :
           v.            : No. 773 C.D. 2020
           : Submitted: March 11, 2022
Unemployment Compensation            :
Board of Review,            :
           Respondent            :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                               FILED: May 2, 2022

Felecia J. Lockmer (Claimant) petitions for review, *pro se*,[1] of the July 14, 2020 Order of the Unemployment Compensation Board of Review (Board) affirming the decision of a Referee to deny Claimant's request for unemployment compensation (UC) benefits. The Board concluded that Claimant was ineligible for UC benefits under Section 401(d)(1) of the Unemployment Compensation Law (Law) because she was not able to work during the claim weeks at issue.[2] We affirm.

---

[1] Although Claimant had an attorney when she filed her Petition for Review and appellate brief, her attorney subsequently filed an Application to Withdraw as Counsel, which this Court granted on October 25, 2021.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1). Section 401(d)(1) of the Law provides in pertinent part that UC "shall be payable to any employe who is or becomes unemployed and who . . . [i]s able to work and available for suitable work." *Id.*

**Background**

Claimant was employed by Murtech Staffing and Solutions LLC (Employer), a temporary employment agency. Record (R.) Item No. 1. On October 21, 2019, Employer assigned Claimant to work at PA Health and Wellness as a program coordinator. R. Item Nos. 4 & 5. On February 21, 2020, Employer terminated Claimant's employment due to unsatisfactory work performance. R. Item Nos. 4, 5, & 7.[3]

Claimant filed an application for UC benefits on February 23, 2020 for claim weeks ending February 29, 2020 and March 7, 2020. Bd.'s Finding of Fact (F.F.) No. 1; R. Item No. 1. On her Internet Initial Claims form, Claimant stated that she was available for work, but she was unable to work due to back pain, congestive heart failure, diabetes, Graves' disease, hypertension, and anxiety. Bd.'s F.F. No. 2; R. Item No. 2. The Department of Labor and Industry (Department) issued a Notice of Determination, finding Claimant ineligible for UC benefits under Section 401(d)(1) of the Law because she was unable to work due to health issues. Bd.'s F.F. No. 3; R. Item No. 6.

Claimant appealed to the Referee, who scheduled a telephone hearing for 1:00 p.m. on April 29, 2020. Bd.'s F.F. Nos. 3 & 4. The hearing notice advised Claimant as follows:

> Please be advised that the Referee will be calling [the] parties on a telephone line that will not display the originating telephone number.

---

[3] In her appellate brief, Claimant claims that she voluntarily resigned, asserting that "after several months of having to juggle her health with the specific environment of her work, [Claimant] needed to resign from her position, hoping to locate one that was more suitable to her needs." Claimant's Br. at 9. However, the record establishes that Claimant was discharged. *See* R. Item Nos. 4, 5, & 7; *see also* Pet. for Rev. at 3 (wherein Claimant averred: "I read the [E]mployer [Q]uestionnaire [and Employer] can't give an explanation of *why I was discharged on 2/21/20*") (emphasis added).

> Some telephones have the capability of blocking incoming calls for which no originating number is displayed. If your telephone blocks such calls and if you expect to participate in the hearing by telephone, **it is your responsibility to ensure that you are able to accept the call to participate in the hearing.**

R. Item No. 9 (bold in original); Bd.'s F.F. No. 5.

At approximately 1:00 p.m. on April 29, 2020, the Referee called Claimant's correct telephone number, but the Referee encountered a message stating that "the number you are trying to reach does not accept calls from numbers with caller ID blocked." Bd.'s F.F. No. 6. The message instructed that the number could be unblocked by dialing *82, but the Referee stated that "[t]he directions sent to the parties indicated [that] it[] [is] up to them to unblock their phone[s]" and "[she had] no control over that." Notes of Testimony (N.T.), 4/29/20, at 1. The Referee then called Employer's business number and reached an automated voice system, which directed the Referee to "please remain on the line" until her call was answered, but "[she] was . . . disconnected." *Id.* Neither Claimant nor Employer participated in the hearing. Bd.'s F.F. No. 7.[4]

After not reaching either party by telephone, the Referee proceeded to identify on the record the available documents in the UC claim file. N.T., 4/29/20, at 1-2. The Referee stated that because "neither party is present to object[], all Service Center and Referee documents are entered into evidence without objection." *Id.* at 2. The Referee then adjourned the hearing. *Id.*

Following the hearing, the Referee affirmed the Department's denial of UC benefits. In her decision, the Referee noted that "[a]lthough duly notified of the date, time and place of the hearing, neither [C]laimant nor [E]mployer appeared for the hearing to present testimony and evidence on the issues under appeal." Ref.'s Order,

---

[4] Employer's nonappearance at the hearing is not at issue in this appeal.

5/5/20, at 2. Thus, the Referee explained that she based her decision on her "careful review of the competent documentary evidence" in the record. *Id.*

The Referee then considered Claimant's eligibility for benefits under Section 401(d)(1) of the Law. *Id.* The Referee stated that the "purpose of the statutory requirements of [ability and] availability is to establish that a claimant is actually and currently attached to the labor force. This attachment must be of a genuine and realistic nature." *Id.* However, because "no testimony or evidence was presented at the . . . hearing to substantiate [C]laimant's realistic attachment to the labor market," the Referee concluded that Claimant was ineligible for UC benefits under Section 401(d)(1) of the Law. *Id.*

Claimant appealed to the Board, which affirmed. The Board concluded:

> *Because [C]laimant was notified of the need to assure she could accept the [R]eferee's call, but she failed to do so, she fails to offer a legally sufficient reason to support a finding of proper cause for her nonappearance at the hearing.* Neither party appeared at the hearing or established proper cause for its nonappearance, so *the competent evidence of record is limited to the parties' admissions and hearsay evidence corroborated by those admissions.*
>
> To assure that a claimant is genuinely and realistically attached to the labor market, Section 401(d)(1) of the Law requires a claimant to be able to and available for substantial and suitable work in her labor market.
>
> . . . .
>
> *When applying for [UC] benefits, [C]laimant admitted she was not able to work, citing back pain, congestive heart failure, diabetes, Graves' disease, hypertension, and anxiety. The record lacks competent evidence that [C]laimant was or became able to work.* Therefore, [C]laimant is not eligible for [UC] benefits under Section 401(d)(l) of the Law. **Because Section 401(d)(1) of the Law is a weekly test, if [C]laimant became able and available for substantial and suitable**

4

**work in her labor market after the weeks at issue here, [C]laimant should notify the Department**[] . . . .

Bd.'s Order, 7/14/20, at 2 (bold in original; italics added). Claimant now petitions this Court for review.[5]

## Analysis

On appeal, Claimant asserts that the Board erred in finding her ineligible for UC benefits under Section 401(d)(1) of the Law because the record contains conflicting evidence regarding her ability and availability to work. In essence, she contends that, contrary to the Board's finding, her health conditions were not the reason for her separation from employment and did not prevent her from working. Thus, Claimant asks this Court to remand this matter for a new hearing so that she can present evidence establishing her ability and availability to work.

### 1. Nonappearance at Hearing

In the Statement of Questions Involved section of her appellate brief, Claimant asserts that the Board "err[ed] in ruling that Claimant had no compelling reason for her failure to appear at [the] Referee['s] [h]earing." Claimant's Br. at 7. However, the remainder of her appellate brief contains no discussion of this issue. While Claimant repeatedly requests a remand for a new hearing, she fails to address the reason for her nonappearance at the April 29, 2020 hearing or the Board's finding that she lacked proper cause for her nonappearance. Consequently, we conclude that Claimant has waived this claim. *See Ruiz v. Unemployment Comp. Bd. of Rev.*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) ("When issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is

---

[5] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

5

not adequately developed, this Court will not consider the merits of the issue."); *Rapid Pallet v. Unemployment Comp. Bd. of Rev.*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) ("Arguments not properly developed in a brief will be deemed waived by this Court."); Pa.R.A.P. 2119(a).

Even if Claimant had properly preserved this issue for our review, we would agree with the Board that Claimant lacked proper cause for her nonappearance. A party who fails to appear at a Referee's hearing "must set forth the reasons for failing to appear . . . and the [Board] must make an independent determination that the reasons set forth constitute proper cause." *McNeill v. Unemployment Comp. Bd. of Rev.*, 511 A.2d 167, 169 (Pa. 1986).

The Board's regulations allow a hearing to take place in the absence of both parties if they fail to appear after being properly notified of the hearing. The Board's regulation states:

> *If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence. In the absence of all parties, the decision may be based upon the pertinent available records.* The tribunal may take such other action as may be deemed appropriate.

34 Pa. Code § 101.51 (emphasis added); *see also* 34 Pa. Code § 101.24(a) (providing that a party who seeks to reopen the record must make a request to the Board in writing and explain why she had "proper cause" for not appearing at a scheduled hearing). When both parties fail to appear at a scheduled hearing, "it [is] incumbent upon the [R]eferee and [the] Board to render a decision based on the 'pertinent available records.'" *Clairton Mun. Auth. v. Unemployment Comp. Bd. of Rev.*, 639 A.2d 921, 923 (Pa. Cmwlth. 1994) (quoting 34 Pa. Code § 101.51). However, it is well settled that a party's own negligence is insufficient to establish proper cause.

6

*Eat'N Park Hospitality Grp., Inc. v. Unemployment Comp. Bd. of Rev.*, 970 A.2d 492, 494 (Pa. Cmwlth. 2008).

In her appeal to the Board, Claimant asserted: "In living at this address for 10 years with the same number[,] I've never known of any blocks on my number." R. Item No. 13. Claimant further stated: "I have enclosed all 3 numbers where I can be reached." *Id.* However, Claimant did not inform *the Referee* of any alternate telephone numbers to call in advance of the hearing, even though the hearing notice instructed Claimant to make sure she could receive the Referee's call at the scheduled date and time. *See* R. Item No. 9; *see also Eat'N Park*, 970 A.2d at 494 (holding that the referee's inability to contact the employer on the day of the hearing was not proper cause for the employer's nonappearance, where "the [e]mployer failed to advise the [r]eferee of any changes to the phone number or how to contact [the e]mployer's witness once in the [employer's] voice mail system" prior to the hearing).

The Board determined, based on its review of the record, that Claimant lacked proper cause for her nonappearance because the hearing notice clearly stated the Referee would be calling her from a number that some telephones blocked and informed Claimant that "*it [was her] responsibility to ensure that [she was] able to accept the [Referee's] call* to participate in the hearing." Bd.'s F.F. Nos. 4 & 5; R. Item No. 9 (emphasis added). Claimant, however, did not take measures to ensure that she could receive the Referee's call at the telephone number listed on the hearing notice, nor did she provide the Referee with an alternate telephone number in case there was an issue with call blocking, as indicated in the hearing notice. *See* Bd.'s

7

F.F. Nos. 6 & 7; Bd.'s Order, 7/14/20, at 2.[6] Therefore, Claimant's nonappearance was the result of her own negligence. *Cf. Eat'N Park*, 970 A.2d at 494 ("This [C]ourt will not permit [the e]mployer to shift fault to the [r]eferee for not experimenting with the voice mail system to determine what would happen if [the referee] pressed '0' rather than follow the instructions given by [the e]mployer."). Hence, even if Claimant had not waived this issue, we would conclude that the Board's finding that Claimant lacked proper cause is supported by the record.

## 2. Able and Available to Work

Turning to the merits of Claimant's appeal, we now review Claimant's assertion that the Board erred in finding her ineligible for UC benefits under Section 401(d)(1) of the Law.

A UC claimant bears the burden of showing that she is able to work and available for suitable work. 43 P.S. § 801(d)(1); *Koba v. Unemployment Comp. Bd. of Rev.*, 370 A.2d 815, 816 (Pa. Cmwlth. 1977). The claimant's filing of an

---

[6] Remarkably, in her Petition for Reconsideration filed with the Board, Claimant presented an entirely new reason why she missed the Referee's call on April 29, 2020. Claimant alleged that she was unable to receive the Referee's call at the time of the hearing because her husband had been unexpectedly hospitalized. *See* R. Item No. 15. Claimant asserted:

> *I was prepared to be in place when the [R]eferee call[ed] but as always life or a Divine force has a way of [m]aking other decisions that you never expected. On the day of my telephone review I rushed my spouse to Passavant [H]ospital . . . . [H]is appendix ruptured and during the examination it was found that he had appendi[x] [c]ancer which is a rare form of [c]ancer. That formed a mass on his right colon and [the] doctor . . . performed [e]mergency surgery to remove the appendix and to remove part of his right colon . . . . For this reason I am asking the courts to take in[to] consideration that this was an unusual circumstance that I found myself in on one of my important periods for me to receive my [UC] benefits through the telephone review. . . . I tried to reach out to [the Referee] on 4/29 through email. The [p]hone numbers were not working.*

*Id.* (emphasis added).

8

application for UC benefits creates a rebuttable presumption that she is able and available to work. *GTE Prods. Corp. v. Unemployment Comp. Bd. of Rev.*, 596 A.2d 1172, 1173 (Pa. Cmwlth. 1991). However, the presumption may be rebutted by evidence that a claimant is not "realistically attached to the labor force." *Scardina v. Unemployment Comp. Bd. of Rev.*, 537 A.2d 388, 390 (Pa. Cmwlth. 1988).

In this case, Claimant admits she had "several health conditions which made her work difficult," but contends that, despite these conditions, she was still able to work. Claimant's Br. at 9.[7] However, on her Internet Initial Claims form, Claimant stated she was unable to work due to the following health conditions: back pain, congestive heart failure, diabetes, Graves' disease, hypertension, and anxiety. R. Item No. 2. Claimant also reiterated her inability to work when questioned by Department representatives. *See, e.g.*, R. Item No. 1 (documenting that on February 25, 2020, Claimant "indicated [she] is not able to work due to health issues"); R. Item No. 4 (on the Claimant Questionnaire, Claimant was asked "Are you able to work?" to which she replied, "No").

Based on its review of the pertinent records, the Board found that Claimant was unable to work due to health issues for the claim weeks at issue and advised Claimant to notify the Department if her ability to work has since changed. Bd.'s F.F. No. 2; Bd.'s Order, 7/14/20, at 2; *see Havrilchak v. Unemployment Comp. Bd. of Rev.*, 133 A.3d 800, 804 n.3 (Pa. Cmwlth. 2015) (recognizing that a "[c]laimant's statements in her submissions, like the 'claimant questionnaire,' the 'internet claim form,' and the 'initial interview form,' constitute party admissions that are admissible as an exception to the hearsay rule" and are "capable of independently

---

[7] This assertion seems to conflict with her subsequent assertion that "*after several months of having to juggle her health with the specific environment of her work, [Claimant] needed to resign* from her position." Claimant's Br. at 9 (emphasis added).

9

providing competent evidence to support the [Board's] findings"). The Board also found that, because she failed to appear at the Referee's hearing, Claimant offered no competent evidence to support her contention that she was able to work during the claim weeks at issue despite her health conditions. We conclude that the Board's findings are supported by substantial evidence. *See Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383, 1387 (Pa. 1985) (stating that the Board's factual findings are binding on appeal when substantial record evidence supports them).

## **Conclusion**

Accordingly, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Felecia J. Lockmer,                          :
               Petitioner          :
                                  :
      v.          : No. 773 C.D. 2020
                                    :
Unemployment Compensation          :
Board of Review,                          :
               Respondent          :

# **O R D E R**

AND NOW, this 2nd day of May, 2022, we hereby AFFIRM the July 14, 2020 Order of the Unemployment Compensation Board of Review.

_____
ELLEN CEISLER, Judge