IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kim Zimmerman,       :
     Petitioner     :
             :
   v.         :  No. 1499 C.D. 2022
             :
Unemployment Compensation  :  Submitted: February 6, 2024
Board of Review,      :
     Respondent   :

BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE ELLEN CEISLER, Judge
      HONORABLE STACY WALLACE, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH       FILED: March 8, 2024

    Kim Zimmerman (Claimant), proceeding *pro se*, petitions for review of the September 27, 2022 order of the Unemployment Compensation Board of Review (Board). The order affirmed a Referee's decision, which found that (1) Claimant failed, without justifiable cause, to participate in a required Reemployment Services and Eligibility Assessment (RESEA) session; (2) consequently, she was overpaid regular unemployment compensation (UC) benefits in the amount of $317.00 for the week ending May 22, 2021, to which she was not entitled; and (3) as a result, she received a non-fraud overpayment of Federal Pandemic Unemployment Compensation (FPUC) benefits under Section 2104(f)(2) of the Coronavirus Aid, Relief and Economic Security (CARES) Act of 2020[1] in the amount of $300.00. Upon review, we affirm.

---

[1] Section 2104(f)(2) of the CARES Act provides:

**(Footnote continued on next page…)**

Claimant opened a new claim for UC benefits effective April 11, 2021. (Certified Record (C.R.) at 3-6.) On April 26, 2021, Claimant was sent a notification letter instructing her to schedule and appear for a RESEA session by May 17, 2021. Claimant did not schedule and report for the RESEA session by May 17, 2021. For the claim week ending May 22, 2021, Claimant received $317.00 in regular UC benefits and $300.00 in FPUC benefits. On July 14, 2021, Claimant was sent a Notice of Determination of Non-Fraud FPUC Overpayment indicating that Claimant was ineligible for the $317.00 in regular UC benefits "because [she] failed to schedule [her first] RESEA session" and that she had received a resultant non-fraud overpayment of FPUC benefits in the amount of $300.00.[2] *Id.* at 12-14.

Claimant appealed and a Notice of Hearing was mailed to Claimant on March 25, 2022, scheduling the hearing for April 8, 2022. *Id.* at 24-26, 66-72. Claimant did not appear to offer testimony or evidence. *Id.* at 74-77. On April 11, 2022, the Referee issued a decision concluding that there was no competent evidence in the record to support a finding that Claimant had a justifiable cause for failing to schedule and attend the mandatory RESEA session by May 17, 2021. *Id.* at 79-88. The Referee concluded that Claimant was thus ineligible for regular UC benefits under Section 402(j) of the Unemployment Compensation Law (Law)[3] for the week at issue

> In the case of individuals who have received amounts of [FPUC] . . . to which they were not entitled, the State shall require such individuals to repay the amounts of such [FPUC] . . . to the State agency . . . .

15 U.S.C. § 9023(f)(2).

[2] The CARES Act provides that individuals entitled to receive UC benefits could be paid "regular compensation" in the amount determined under state law, plus an additional amount for "pandemic unemployment compensation." 15 U.S.C. § 9023.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(j). Section 402(j) of the Law provides that an individual is ineligible for benefits for any week in which he/she fails to participate in reemployment services, unless "(1) the employe has completed such services; or (2) there is justifiable cause for the employe's failure to participate in such services." *Id.*

and this, in turn, rendered her not qualified for FPUC benefits under Section 2104 of the CARES Act. *Id.* The Referee concluded that Claimant was overpaid FPUC benefits for the week at issue in the amount of $300.00, but concluded there was no credible evidence in the record to support a conclusion that Claimant was at fault for the overpayment. *Id.*

Claimant appealed to the Board. By decision dated July 26, 2022, the Board remanded the matter to the Referee to schedule another hearing to receive testimony and evidence on Claimant's reason for her nonappearance at the April 8, 2022 hearing. *Id.* at 100-01. The Board clarified, however, that if it found that Claimant lacked proper cause for her nonappearance at the April 8, 2022 hearing, it would not consider any of the new testimony or evidence concerning why Claimant failed to attend the first RESEA session. *Id.* The remand hearing was scheduled for August 15, 2022. Claimant appeared and the Referee first heard her testimony regarding the cause of her nonappearance at the April 8, 2022 hearing. Claimant explained that she received the Notice of the April 8, 2022 hearing and she read it, but she "did not realize it was for her [UC claim]." (Transcript of Proceedings, August 15, 2022, at 7; C.R. at 172.) She testified that she takes "a lot of medication that makes [her] tired." *Id.* She thought the Notice of Hearing was about "another situation," she "did not read it correctly," she was "very confused," and she "misunderstood it." *Id.* Turning to the merits, *i.e.*, her failure to attend the first RESEA session by the May 17, 2021 deadline, Claimant admitted she did not attend a RESEA session by the deadline because she had "some illnesses and a lot of issues." *Id.* at 15; C.R. at 180. She explained that she was sent a second notice that required her to attend a RESEA session by June 1, 2021, which she did. *Id.* at 8-10; C.R. at 173-75.

3

By order mailed September 27, 2022, the Board affirmed the Referee's April 11, 2022 decision. The Board concluded that Claimant lacked good cause for her nonappearance at the April 8, 2022 hearing. Specifically, the Board noted that

> [C]laimant failed to appear because she is "having another situation with court and . . . misread the hearing notice and [she] didn't understand it." [C]laimant also indicated that she takes "a lot of medication that makes [her] tired" and she "just read the [hearing notice] thinking it was something else." The Board finds this is not good cause for her nonappearance.

*Id.* at 183. In light of its conclusion in this regard, the Board did not consider the testimony and evidence on the merits offered at the remand hearing on the issue of whether Claimant established proper cause for failing to attend the first RESEA session within the required deadline. *Id.* The Board held:

> The decision of the Referee is affirmed. [Claimant] is ineligible for benefits pursuant to Section 402(j) of the Law, and benefits are denied. [C]laimant has a non-fault overpayment of regular UC benefits totaling $317[.00] for the claim week ending May 22, 2021, which is recoupable pursuant to Section 804(b) of the Law. [C]laimant has a non-fraud overpayment of FPUC benefits totaling $300[.00] for the claim week ending May 22, 2021, which is recoupable pursuant to Section 2104(f) of the federal CARES Act.

*Id.* at 184.

Claimant timely appealed the Board's Order.[4] Claimant's brief contains virtually no argument. The entirety of Claimant's argument section of her *pro se* brief is as follows:

---

[4] This Court's standard of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial competent evidence. *Key v. Unemployment Compensation Board of Review*, 687 A.2d 409, 411 n.2 (Pa. Cmwlth. 1996).

> I was informed by the Career Advisor at PA Careerlink –
> Ashley Scholenberger [–] that I had complied with all of the
> RESEA requirements. In my appeal I ha[ve] included all
> email correspondence to Ashley confirming my compliance.
> She assured me at the time that it should not interfere with
> my unemployment.

(Claimant's Br. at 9.)

As explained, the Board did not pass upon the reasons Claimant did not attend the first RESEA session or consider that she had since complied with the RESEA requirements. The Board only addressed Claimant's lack of good cause for not appearing at the April 8, 2022 hearing before the Referee and her resultant ineligibility for regular UC benefits and FPUC benefits. The only statement in Claimant's brief that even remotely addresses the Board's September 27, 2022 order appears in a single sentence in her Statement of Questions Involved, which reads: "the reason [she] did not attend the [April 8, 2022] hearing is because [she] thought it pertained to another matter." (Claimant's Br. at 6.) Construing Claimant's *pro se* brief liberally, *Smithley v. Unemployment Compensation Board of Review*, 8 A.3d 1027, 1029 n.6 (Pa. Cmwlth. 2010), we shall treat her appeal as a request to review the Board's September 27, 2022 order.

Under the regulations governing hearings, if a party "fails to attend a hearing without proper cause, the hearing may be held in [her] absence." 34 Pa. Code § 101.51. This Court has previously held a party's negligence in misreading or misunderstanding a notice that is correct and not misleading does not constitute "proper cause." In *Savage v. Unemployment Compensation Board of Review*, 491 A.2d 947 (Pa. Cmwlth. 1985), the claimant did not attend a hearing before a referee. The claimant argued that he misread the correct date on the hearing notice and argued that this constituted "proper cause" to justify his failure to attend the referee's hearing.

*Savage*, 491 A.2d at 949-50. This Court disagreed and held that "a claimant's own negligence is insufficient 'proper cause,' as a matter of law." *Id.* at 950.

In *Eat'N Park Hospitality Group, Inc. v. Unemployment Compensation Board of Review*, 970 A.2d 492, 494-95 (Pa. Cmwlth. 2008), this Court reaffirmed the holding in *Savage*. There, although the employer was "forthright and candid about [failing to provide the referee with correct telephone directions]," it still constituted an admission of fault for the employer's nonappearance. *Id.* at 495. Consequently, the employer lacked the requisite proper cause for its nonappearance at the hearing, and the Board correctly determined it was improper to reopen the hearing. *Id.* at 494-95.

Here, as in *Eat 'N Park Hospitality Group*, Claimant's testimony at the remand hearing evidenced that she was at fault for her nonappearance. The Notice of Hearing mailed March 25, 2022, explicitly stated the date and time and location of the hearing. (C.R. at 66.) Claimant acknowledged that she received the Notice of Hearing but misunderstood it and did not read it correctly. Consequently, Claimant's nonappearance was due to her own fault. Thus, the Board did not err when it found that Claimant lacked proper cause for her nonappearance.

Under Section 402(j) of the Law, Claimant is ineligible for benefits if she failed to attend the RESEA session by the specified date, unless she had justifiable cause for not attending. Because Claimant's testimony at the remand hearing was not considered by the Board, the Board had no basis to determine that she had good cause for not attending the first RESEA session. Without credible evidence that Claimant had justifiable cause for not attending the RESEA session, the Board correctly concluded that Claimant was ineligible for regular UC benefits for the week ending May 22, 2021, under Section 402(j) of the Law and, consequently, the FPUC benefits

6

she received that week in the amount of $300.00 were an overpayment that must be repaid under Section 804(a) and (b) of the Law, 43 P.S. § 874(a),[5] (b).[6]

For the aforementioned reasons, we hold that the Board did not err in finding Claimant did not have good cause to miss the April 8, 2022 hearing, and that she was overpaid $300.00, subject to recoupment under Section 804(b) of the Law.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] Section 804(a) of the Law provides:

> Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him . . . .

43 P.S. § 874(a).

[6] Section 804(b)(1) states:

> Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him . . . .

43 P.S. § 874(b)(1).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kim Zimmerman, :
           Petitioner :
            :
      v. : No. 1499 C.D. 2022
            :
Unemployment Compensation :
Board of Review, :
           Respondent :

## ***ORDER***

AND NOW, this 8th day of March, 2024, the September 27, 2022 order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge